IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DALLAS SMITH,

Plaintiff,

vs.                                                       NO. 10 CV 518 MV/WDS

THE BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,
as Trustee of The University of New Mexico
Healthsciences Center, LEVI CHAVEZ,
a University of New Mexico Hospital Security Officer,
and FIVE UNKNOWN UNIVERSITY
OF NEW MEXICO HOSPITAL SECURITY OFFICERS,

Defendants.

### ORDER DENYING DEFENDANTS' MOTION TO STRIKE A WITNESS

This matter came before the Court on Defendants' Motion to Strike a Witness.  (Document

No. 73).  The Court has reviewed the pleadings and is fully advised in this matter.  The Court finds

that the motion is not well taken and it is denied.

This case involves claims by Plaintiff against the Board of Regents of the University of New

Mexico ("UNM") and Levi Chavez, a security officer at UNM Hospital.  Plaintiff alleges that Levi

Chavez and other security officers struck him and falsely imprisoned him when he visited UNM's

Hospital for medical treatment on September 18, 2009.  Discovery in the case closed on May 31,

2011, and on either that day or June 1, 2011[1] Plaintiff supplemented his Rule 26 disclosures to

identify Officer Shane Harger as a potential witness in this case.  Defendants responded by filing

the instant motion to strike Officer Harger as a witness, arguing that the disclosure was

impermissibly late under *Jacobson v. Deseret Book Co*., 287 F.3d 936 (10th Cir. 2002).  *Jacobson*

---

[1]For purposes of the ensuing analysis, it is not necessary for the Court to determine which
day.

holds that the testimony of an untimely disclosed witness may be stricken if (1) there is prejudice or surprise to the party against whom the testimony is offered, (2) if the prejudice cannot be cured, (3) if the testimony would greatly disrupt the trial, and (4) if the party proffering the witness acted in bad faith or willfulness.

In the Court's opinion there is no evidence of bad faith or wilfulness present.  Plaintiff states that he had no knowledge of Officer Harger or any connection between Officer Harger and defendant Levi Chavez until he read an article in the local newspaper on May 15, 2011.  The supplemental disclosure under Rule 26, filed two weeks later, was in response to the information contained in that article.  Second, there is no trial date in this case, so whatever minimal prejudice there might be to Defendants arising from the supplemental disclosure is readily cured by an extension of the discovery period to allow both parties to depose Officer Harger.  This brief extension will not cause any disruption of the trial.

Finally, whether Officer Harger's testimony will be admissible at trial is not the issue here. The Court is permitting the supplemental Rule 26 disclosure and is allowing the parties to depose Officer Harger.  This ruling is without prejudice to Defendants' right to file a pretrial motion *in limine* regarding Officer Harger's testimony.

IT IS THEREFORE ORDERED that the discovery period is extended thirty days from the date of this order for the purpose of deposing Officer Shane Harger.  Defendants' Motion to Strike a Witness is DENIED.

_____

W. Daniel Schneider
United States Magistrate Judge