IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DALLAS SMITH,

        Plaintiff,

v.                                                          No. 10-CV-00518 MV/WDS

THE BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Opposed Motion for Leave to File First Amended Complaint [Doc. 71]. The Court, having considered the motion, briefs, the relevant law, and being otherwise fully informed, finds that Plaintiff's Motion shall be **GRANTED** for the reasons stated herein.

**BACKGROUND**

Plaintiff Dallas Smith filed this suit against the Board of Regents of the University of New Mexico ("the Board of Regents"), Levi Chavez (a University of New Mexico Hospital security officer), and five unknown University of New Mexico Hospital security officers. Plaintiff alleges that, while a patient at the University of New Mexico Hospital ("UNMH") on September 18, 2009, Defendants committed various violations of the New Mexico Tort Claims Act as well as 42 U.S.C. § 1983.

On March 29, 2011, the Court granted Defendants' motions to dismiss in part, but still left intact a number of Plaintiff's claims. The Magistrate Judge set May 31, 2011 as the deadline

for the completion of discovery, and July 12, 2011 as the deadline for pretrial motions. Doc. 56. On June 7, 2011, Plaintiff moved to amend his complaint to add a count of negligent hiring and retention, based on information he learned in the discovery process.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." The Court "may withhold leave to amend only for reasons such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010). With respect to the "undue prejudice" basis for denying leave, the general rule is that a plaintiff should not be prevented from amending his complaint to include a new claim, "provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991).

## ANALYSIS

Defendants raise two main arguments in opposition to Plaintiff's motion to amend. First, Defendants argue that the amendment is futile, because the New Mexico Tort Claims Act does not waive immunity for such a claim. Second, Defendants argue that amendment at this juncture would greatly prejudice them. The Court finds that it is premature to analyze the futility of Plaintiff's amendment, as this question is the crux of Defendants' motions for summary judgment. The Court further finds that Defendants' assertion that the amendment would be prejudicial is unpersuasive.

I.   **Futility**

As the Tenth Circuit stated in *Cohen*, the Court may withhold leave to amend a complaint if the amendment would be futile.  621 F.3d at 1313.  Defendants argue that Plaintiff's proposed amendment is futile because it would not survive a motion for summary judgment.  The New Mexico Tort Claims Act (NMTCA) waives immunity under these circumstances for "law enforcement officers," N.M. STAT. ANN. § 41-4-12 (2009), and Defendants' theory is that Defendant Levi Chavez is not a "law enforcement officer" as defined by the act and the case law interpreting it.  Accordingly, Defendants posit, the proposed amendment is futile because it seeks to hold UNMH liable for negligent hire and retention of Defendant Chavez and the unnamed security officer defendants.

Defendants essentially ask the Court to rule on their motions for summary judgment at the amendment stage.  The question of whether the UNMH security officers are "law enforcement officers" as defined by the NMTCA is the sole issue being litigated in two outstanding summary judgment motions – one filed on behalf of the Board of Regents, and the other filed on Levi Chavez's behalf.  Both of Defendants' motions, as well as Plaintiff's responses to them, cite numerous New Mexico and Tenth Circuit cases analyzing whether individuals in various positions are "law enforcement officers" under the act.  To answer this question at this stage would in essence be ruling on these motions prematurely.  The Court is not inclined to transform Rule 15(a)'s liberal "when justice so requires" standard to that of a summary judgment motion.

II.  **Prejudice**

Defendants claim that they will be unduly prejudiced if Plaintiff is permitted to amend his lawsuit to include the claim of negligent hiring and retention.  They state that they will not

3

have time to conduct discovery regarding the issues raised in the amended complaint, which will preclude them from filing dispositive motions on this issue.

According to Plaintiff, during the course of discovery, he learned of various instances of Defendant Levi Chavez's misconduct in previous jobs. He promptly filed the instant motion, before the close of discovery. Although the period for discovery has now closed, Defendants may move to reopen discovery solely on the issues raised in Plaintiff's amended complaint. Moreover, although Defendants contend they will not have an opportunity to file a dispositive motion on this new issue, the Court anticipates that at least a portion of their argument in support of summary judgment will be the same: that UNMH security officers are not "law enforcement officers" as contemplated by the NMTCA. Defendants have accordingly failed to make a showing of prejudice substantial enough to overcome Rule 15(a)'s liberal standard for amendment of pleadings.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion for Leave to File First Amended Complaint [Doc. 71] is **GRANTED**. Plaintiff is ordered to file his First Amended Complaint by April 4, 2012.

DATED this 26th day of March, 2012.

_____
MARTHA VAZQUEZ
United States District Court Judge

*Attorneys for Plaintiff*:
    David A. Streubel, Esq.
    Donald F. Kochersberger III, Esq.
    Kallie L. Dixon, Esq.

*Attorneys for Defendants*:
    Alfred A. Park, Esq.
    Lawrence M. Marcus, Esq.